IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CLOVER RIDGE HOLDINGS, LLC, et al.,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:24-cv-4137 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| **RICE DRILLING D, LLC, et al.,** | : | Magistrate Judge Elizabeth Preston |
| | : | Deavers |
| Defendants. | : | |

## <u>OPINION & ORDER</u>

This matter is before this Court on Plaintiffs' Motion to Remand ("Motion") (ECF No. 23). For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

### I. BACKGROUND

On March 12, 2024, Plaintiffs Clover Ridge Holdings, LLC; Three Branches, LLC; PACA Partners, LLC; Patricia Marcum; and Clifford Marcum, Jr., filed a complaint in the Belmont County Common Pleas Court against Defendants Rice Drilling D, LLC; Gulfport Appalachia, LLC; and Gulfport Energy Corporation. (ECF No. 1-1). Plaintiffs' claims arise from oil and gas leases entered into between the parties. (ECF Nos. 23 at 1; 8).

Defendants were served with the Complaint on October 11, 2024. (ECF No. 1 ¶ 2). On November 7, 2024, Defendants filed a Notice of Removal based on diversity jurisdiction. (*Id.*).

### II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court to federal court when the action is one over which the federal court would have had original jurisdiction, including on the basis of diversity of citizenship. A defendant is entitled to have the

suit removed to a proper federal court as a matter of right if the requirements of the removal statute are met. *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990).

While this right of removal is firmly established, it may be waived, such as through a forum selection clause. *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 886 (6th Cir. 2009). Such waiver, however, must be "clear and unequivocal." *Id.*; *Regis Assocs.*, 894 F.2d at 195. The party seeking removal bears the burden of establishing the right to do so. *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017). Moreover, any doubt as to whether remand is appropriate must be "resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

### III.   LAW & ANALYSIS

Plaintiffs seek remand, arguing Defendants waived their rights to remove this case by agreeing to the following forum selection clause contained in the leases at issue:

> **Governing Law and Ohio Courts**: This Lease shall be governed in accordance with the laws of the State of Ohio. Any actions or proceedings arising in connection with this Lease or performance thereunder shall be ascertained and determined by the Ohio state court in the county where the Lease is recorded.

(ECF No. 23 at 1). Plaintiffs argue that the clause makes clear that the parties intended to have an Ohio state court decide any dispute, and that it was written broadly to apply to removal. They further argue that the term "shall be" emphasizes the mandatory nature of the provision and the term "determined by" means the disputes were intended to be filed in and decided by the state court. (ECF No. 23 at 3). As Defendants correctly argue, this clause closely resembles others that courts within the Sixth Circuit have consistently found insufficient to constitute a "clear and unequivocal" waiver of the right to remove. (ECF No. 28 at 2).

In *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 885 (6th Cir. 2009), for example, the Sixth Circuit considered whether a forum selection clause constituted a waiver of the

defendant's statutory right to remove. The clause in question provided:

> All disputes as to any amounts charged or services rendered, or as to these Terms of Representation shall be resolved in the Newton Falls, Ohio Municipal Court or the Trumbull County, Ohio Common Pleas Court, depending on the amount in controversy, and shall be resolved pursuant to the laws of the State of Ohio.

Applying the Sixth Circuit's "clear and unequivocal" standard, the court affirmed the district court's denial of remand. It concluded that the clause did not bar removal, as it "neither mentions removal nor sets forth an explicit waiver." *Cadle Co*., 307 F. App'x at 888.

In reaching this conclusion, the Sixth Circuit referenced its prior decision in *EBI–Detroit, Inc. v. City of Detroit,* 279 Fed.Appx. 340 (6th Cir.2008), where a similar forum selection clause was likewise found insufficient to constitute a "clear and unequivocal" waiver because the clause failed to "mention either removal or the party seeking to remove." *Cadle Co*, 307 F. App'x at 888 (quoting *EBI–Detroit, Inc.* 279 Fed.Appx. at 346-47). The court also relied upon *Titan Finishes Corp. v. Spectrum Sales Group,* 452 F.Supp.2d 692, 694–95 (E.D.Mich.2006), in which the forum selection clause provided that the "[a]greement shall be governed by and construed in accordance with the laws of the State of Michigan" and that the defendant "consents and otherwise acknowledges that the State of Michigan, United States of America has jurisdiction . . . to settle and compromise any claim or dispute arising under this contract and that venue shall be proper in the Wayne County Circuit Court, State of Michigan." The court held that the clause "simply allows the parties to bring this action" in the state court "if venue would not otherwise be proper in that court. The forum selection clause does not provide that venue would not also be proper in a federal district court . . . ." *Id*. at 695.

Together, these cases establish a consistent rule within the Sixth Circuit: a forum selection clause must do more than identify or authorize state court jurisdiction; must clearly and unequivocally waive the right to remove.

3

Most significantly, the precise forum selection clause at issue in this case was previously analyzed in *TERA II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-02221-SDM, 2019 WL 3889623, at *1 (S.D. Ohio Aug. 16, 2019), *report and recommendation adopted*, No. 2:19-CV-2221, 2019 WL 4871432 (S.D. Ohio Oct. 3, 2019). There, the magistrate judge reviewed the applicable legal framework, including *Cadle*, and found that the forum selection clause at issue was like the one considered in *Cadle*. *TERA II, LLC*, 2019 WL 3889623, at *2-3. The court addressed similar arguments Plaintiffs present here, including whether the term "shall be" is mandatory and demonstrates intent to waive removal rights. *Id*. at *2. The court found that "[b]ecause the forum selection clause 'neither mention[ed] removal nor set[ ] forth an explicit waiver of that right,' the mandatory language was insufficient to trigger a 'clear and unequivocal' waiver." In support of this conclusion, the court cited multiple decisions reaching the same result, including *Lani v. Schiller Kessler & Gomez*, PLC, No. 3:16-CV-00018-CRS, 2017 U.S. Dist. LEXIS 39103, at *21–22, 2017 WL 1044698 (W.D. Ky. Mar. 16, 2017) ; *Zehentbauer Family Land LP v. Chesapeake Exploration LLC*, No. 4:15-cv-002449, 2016 U.S. Dist. LEXIS 93824, at *7, 2016 WL 3903392 (N.D. Ohio July 19, 2016);*Gulfport Energy Corp. v. Freeport Lodge #415, Free & Accepted Masons of Ohio*, No. 2:14-cv-0063, 2014 U.S. Dist. LEXIS 163561, 2014 WL 12677070 (S.D. Ohio Nov. 21, 2014)).

The court found that "District Courts within the Sixth Circuit have come to the same conclusion again and again when faced with a forum selection clause similar to the one here." *TERA II, LLC*, 2019 WL 3889623, at *1. The court ultimately recommended denying the plaintiffs' motion to remand because *Cadle* "controls." *Id*. at *3. The district court judge adopted the report and recommendation, noting that "after a *de novo* determination of the record, this Court concludes that Plaintiffs' Motion to Remand is meritless." *TERA II, LLC* v. *Rice Drilling D, LLC*, No. 2:19-

4

CV-2221, 2019 WL 4871432, at *2 (S.D. Ohio Oct. 3, 2019).

Faced with the compelling reasoning set forth in *TERA II, LLC*, Plaintiffs argue that the decision is unpublished and therefore not binding authority. (ECF No. 23 at 5). In support of remand, Plaintiffs instead rely on various nonbinding decisions from other jurisdictions. As Defendants correctly point out, much of the persuasive authority cited by Plaintiffs either fails to apply the Sixth Circuit's controlling "clear and unequivocal" standard or adopts a more lenient approach to waiver than is permitted in this Circuit.

For example, in *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 754 (4th Cir. 2010), the Fourth Circuit interpreted a forum selection clause using the terms "in [a state]" versus "of [a state]" to determine jurisdictional intent, without reference to any "clear and unequivocal" waiver standard. *See also Weener Plastics, Inc. v. HNH Packaging, LLC*, No. 5:08-CV-496-D, 2009 WL 2591291, at *8 (E.D.N.C. Aug. 19, 2009) (citations omitted) ("[T]he court recognizes that courts have applied two different standards in determining whether a defendant has waived the right to remove. Some require that the waiver be 'clear and unequivocal.' Others hold that the waiver need be shown simply in accordance with the ordinary rules of contract interpretation."). The court found that "in [a state]" expresses the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term "of [a state]" connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state. *FindWhere Holdings*, *Inc.*, 626 F.3d at 755.

Plaintiffs also cite *Kamm v. ITEX Corp.*, 568 F.3d 752, 757 (9th Cir. 2009), where the Ninth Circuit held that the thirty-day deadline under 28 U.S.C. § 1447(c) does not apply to remand motions premised on forum selection clauses. Courts in the Ninth Circuit, however, have clarified

5

that they use "one standard to litigation based waivers and a different standard to forum selection clause based waivers. For litigation based waivers, the Ninth Circuit has held that the waiver of the right of removal must be 'clear and unequivocal.' In contrast, in cases interpreting forum selection clauses, the Ninth Circuit has made no mention of the clear and unequivocal standard." *Bastami v. Semiconductor Components Indus., LLC*, No. 17-CV-00407-LHK, 2017 WL 1354148, at *4 (N.D. Cal. Apr. 13, 2017) (citations omitted). Similarly, Plaintiffs reference *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1218 n.15 (3d Cir. 1991). The court, however, found that "[i]n the context of contractual waiver, however, we do not perceive the need for the 'clear and unequivocal' standard."

Additionally, Plaintiffs cite a case from the Fifth Circuit, *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004), where the court applied the clear and unequivocal standard but rejected the waiver argument. The clause in question provided that the defendant "consent[ed] and yield[ed] to the jurisdiction of the State Civil Courts of the Parish of Orleans and . . . formally waive[ed] any pleas of jurisdiction on account of the residence elsewhere of the" defendant. The district court held that the clause was not a clear and unequivocal waiver of removal rights. The Fifth Circuit affirmed, finding that the very presence of ambiguity indicates that the clause does not contain a "clear and unambiguous" waiver of removal rights and is therefore ineffective as a waiver. *Id.*, 376 F.3d at 505–06. The Fifth Circuit later clarified that "'the Sixth Circuit has set the bar higher' for contractual waivers of removal rights 'than other Circuits have.'" *Dynamic CRM Recruiting Sols., L.L.C. v. UMA Educ.*, Inc., 31 F.4th 914, 922 n.28 (5th Cir. 2022) (quoting *TERA II, LLC*, 2019 WL 3889623, at *1). It further explained that "[i]t is true that both this Circuit and the 'Sixth . . . have determined that a waiver of the right to removal must be 'clear and unequivocal'—but 'the manner in which the courts apply this standard is

6

inconsistent.'" *Id*. (quoting *OsComp Sys., Inc. v. Bakken Exp., LLC*, 930 F. Supp. 2d 261, 268 (D. Mass. 2013)).

Moreover, in the Tenth Circuit case cited by Plaintiffs, *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc*., 428 F.3d 921, 927 (10th Cir. 2005), the court found that, "[b]ecause the forum selection clause at issue is mandatory" the defendant "unequivocally waived its right to remove this lawsuit to federal court." The clause there, however, provided that "the parties waive any other venue to which they may be entitled by virtue of domicile or otherwise." *Am. Soda, LLP*, 428 F.3d at 926. This is the express waiver language absent from the clause at issue here.

Plaintiffs also attempt to distinguish *Cadle Co*, by noting the forum selection clause there contained the phrase "depending on the amount in controversy" which Plaintiffs assert suggests or implies a reservation of the right of federal removal (ECF No. 23 at 7). The court in *Cadle Co*., however, did not analyze or attribute significance to that language. Instead, the court found that "the forum selection clause at issue here neither mentions removal nor sets forth an explicit waiver of that right" as such, the court could not "reasonably interpret the clause as a clear and unequivocal waiver" of the defendant's "right to remove the case to federal court under § 1441." *Cadle Co.*, 307 F. App'x at 888.

Like the Sixth Circuit found in *Cadle Co*. and the district court applied in *TERA II, LLC*, the language in the forum selection clause at issue is silent as to removal and lacks any express waiver to meet the "clear and unequivocal" standard.

7

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand (ECF No. 23) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED: September 9, 2025**