IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLOVER RIDGE HOLDINGS, LLC, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:24-cv-4137 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| RICE DRILLING D, LLC, et al., | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before this Court on Plaintiffs' Motion to Stay (ECF No. 24). For the reasons set forth below the Motion is **GRANTED**.

### I. BACKGROUND

This case arises from certain oil and gas leases entered into by Plaintiffs, or their predecessors, giving Defendants the right to develop certain subsurface formations, reserving the remainder of the formations to Plaintiffs. (ECF No. 1-1 ¶¶ 9–18). In 2023, this Court denied class certification in a case where Plaintiffs were putative class members with the same clause at issue in the oil and gas leases here. *J&R Passmore, LLC v. Rice Drilling D, LLC*, No. 2:18- CV-01587, 2023 WL 2667749, at *1 (S.D. Ohio Mar. 28, 2023).

After denial of class certification, Plaintiffs moved to intervene in *Chester R. Kemp, Trustee v. Atty. Nils P. Johnson, Trustee, et al, v. Rice Drilling D, LLC, et al.*, S.D. Ohio Case No. 2:24-cv-03381. While the motion was pending, Plaintiffs filed a complaint in this lawsuit in the Belmont County Court of Common Pleas but did not serve it. Plaintiffs assert that the case was filed as a protective case in the event intervention was not granted or overturned in the *Kemp* case. (ECF No. 24 at 4). The trial court granted Plaintiffs' intervention into the *Kemp* case and Plaintiffs'

intervention complaints were then served upon Defendants. (*Id*.; ECF No. 29 at 2).  Accordingly, Defendants removed the *Kemp* case to this Court.

The complaint in this matter and in *Kemp*, "arise from an identical set of facts, and both call for a determination of the same or substantially identical questions of law or fact."  (ECF Nos. 24 at 5; 29 at 2). This includes claims for declaratory relief, trespass, conversion, unjust enrichment, and waste against Defendants. (ECF No. 24 at 4). Defendants removed both cases to this Court. (ECF No. 24 at 5).

Plaintiffs now move to stay the proceedings in this case pending the resolution of the *Kemp* case in order "to avoid needless piecemeal litigation." (ECF No. 24 at 1). Defendants oppose the requested stay, arguing that "the proper remedy to avoid needless piecemeal litigation—and potentially a thorny host of res judicata issues—is for the Court to deny Plaintiffs' Motion and sever the *Kemp* claims by plaintiff groups consistent with its findings in *Passmore* and consolidate each group's identical claims." (ECF No. 29 at 3).

Plaintiffs also sought to remand both cases. This Court granted the motion to remand in *Kemp,* but denied the motion in this case on the basis of diversity jurisdiction. Having confirmed this Court's jurisdiction and denied remand, this Court now turns to the pending motion to stay.

## II.   LAW & ANALYSIS

It is undisputed that this action arises from the same operative facts and presents the same legal questions as the pending *Kemp* case. The parties acknowledge that this duplicative litigation poses a significant risk of increasing "the burden of litigation" by way of "dual-track litigation on the same issues." (ECF Nos. 24 at 6; 29 at 4). The central disagreement lies not in whether this risk exists, but in how this Court should address it.

As Plaintiffs argue, a stay is appropriate to avoid the substantial risk of inconsistent outcomes that may arise from piecemeal litigation. This includes the possibility of parties becoming subject to conflicting court orders which would undermine judicial efficiency and raise serious concerns of fairness and procedural integrity. *See e.g.*, *Blair v. Bd. of Sugarcreek Twp.*, No. 3:07-CV-056, 2008 WL 11352586, at *6 (S.D. Ohio May 22, 2008) ("When a case proceeds on parallel tracks in federal and state courts, efficient judicial administration is threatened as are the legitimacy of the court system in the eyes of the public and fairness to the individual litigants.").

The authority of a federal court to stay proceedings is well-established. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Hill v. Mitchell*, 30 F.Supp.2d 997, 1000 (S.D. Ohio 1998) ("[T]he Court has the power to stay proceedings pending the resolution of the same or related issues in another forum."). When determining whether to grant a stay, courts consider various factors including: "(1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court." *Hanley v. City of Hamilton, Ohio*, No. 1:23-CV-342, 2024 WL 4817446, at *5 (S.D. Ohio Nov. 18, 2024) (quoting *Cybergenetics Corp. v. Institute of Environmental Science and Research*, 2020 WL 564217 at *2 (N.D. Ohio Jan. 27, 2020)).

Here, all five factors weigh in favor of granting a stay. There is a need to prevent inconsistent outcomes and conserve judicial and party resources. Moreover, as Plaintiffs explain, and Defendants do not dispute, that this case is still in its early stages. (ECF No. 24 at 5). While Defendants argue that they have had to expend considerable time and resources towards a motion

to dismiss this case (ECF No. 29 at 5), this does not amount to prejudice. As Plaintiffs have argued, Defendants will have the opportunity to litigate the relevant issues in the similar *Kemp* case. (ECF No. 24 at 5-6). A stay would simplify issues and reduce litigation burden by streamlining litigation and avoiding duplicative or inconsistent resolution.

Rather than directly rebutting Plaintiffs' reasons for a stay, Defendants instead argue that the risk of duplication supports Defendants' arguments for severance of issues in *Kemp* and consolidation of claims with this case. This Court, however, remanded the *Kemp* case upon finding that it lacked subject matter jurisdiction. As such, Defendants' reliance on its motion to sever the *Kemp* case is moot.

Given the clear overlap between the case *sub judice* and *Kemp*, the early posture of this litigation, the minimal risk of prejudice to Defendants, and the substantial risk of inconsistent rulings and duplicative effort, this Court finds that a stay of this matter is warranted.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Stay (ECF No. 24) is **GRANTED**. This case is hereby **STAYED** pending the resolution of the *Kemp* matter. Accordingly, Defendants' pending Motion to Dismiss (ECF No. 12) is **DENIED AS MOOT**. Upon the lifting of the stay, Defendants may renew their motion to dismiss, incorporating any relevant updates or developments as appropriate.

**IT IS SO ORDERED.**

                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED: September 9, 2025**